EAST BATON ROUGE PARISH   C-695601
Filed Apr 16, 2020 9:32 AM            26
Deputy Clerk of Court
FAX FILED 3/31/20

CIVIL DISTRICT COURT FOR EAST BATON ROUGE PARISH
STATE OF LOUISIANA

Jeremy Earnest,

  *Plaintiff*

vs.           Docket No. __695601 26__
              Div. "___"

Palfinger Marine USA, Inc.
Doe Insurance Company;

  *Defendants.*

### PLAINTIFF'S PETITION FOR DAMAGES

Plaintiff Jeremy Earnest ("Plaintiff") complains of Palfinger Marine USA, Inc. and Doe Insurance Company, ("Defendants") and would show the court the following:

#### JURISDICTION AND VENUE

I.

This Court has jurisdiction pursuant to the Saving to Suitors clause (28 U.S.C. § 1333(1)). The claim is maintained under the general maritime law and/or 33 U.S.C. § 905(b). Alternatively, this claim is maintained under the common law of Texas.

II.

This case is not removable to federal court as it is brought under the general maritime law, and the Savings to Suitors clause. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). Further this matter is not removable as Defendant Palfinger Marine USA, Inc. is headquartered and maintains its principal place of business in Louisiana and thus constitutes a domiciliary Defendant for the purposes of jurisdictional considerations.

-1-


DEFENDANT'S EXHIBIT 1


Certified True and Correct Copy
CertID: 2020042400010

Myrikh Rosette
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
4/24/2020 8:09 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

III.

Venue is proper under Article 42(7) of the Louisiana Code of Civil Procedure because Defendant Doe Insurance Company is a foreign insurer.

**PARTIES**

IV.

Plaintiff Jeremy Earnest is a resident and citizen of Clarksdale, MS.

V.

Defendant **Palfinger Marine USA, Inc.** is a corporation that maintains its principal place of business in New Iberia, Louisiana. Defendant is headquartered in Louisiana and maintains systematic and continuous conducts with the state such that it is at home in the state. Defendant Palfinger Marine USA, Inc. may be served with process through its registered agents: Gary Joseph or Kim Wike at <u>912 Hwy 90 E., New Iberia, Louisiana 70560.</u>

VI.

Defendant Doe Insurance Company is a foreign insurance company. It may be served through the Louisiana Secretary of State.

**FACTS**

VII.

This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about June 30, 2019. On or about this date, Plaintiff sustained severe injuries to his head neck, back, shoulder, and knee while assigned to and working aboard the Shell Auger in the Gulf of Mexico. Plaintiff was injured while performing his work in service of the Auger while it was deployed on navigable waters. More specifically, Plaintiff was injured when a lifeboat, and/or its securing and/or lifting devices and/or appurtenances failed causing the

-2-


*Myrikle Rosette*

Certified True and Correct Copy
CertID: 2020042400010

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
4/24/2020 8:09 AM

lifeboat to fall from the Auger to the water below as a result of Defendant's conduct and/or dangerous and defective products.

### COUNT ONE – NEGLIGENCE & NEGLIGENCE PER SE

VIII.

Defendant was negligent and negligent per se for the following reasons:

- Failing to properly and adequately inspect, maintain, and/or repair the lifeboat, and/or its securing and/or lifting devices and/or appurtenances;
- Failing to properly follow protocols and polices, proper safety and control practices;
- Failing to warn Plaintiff of the defective nature of the lifeboat, and/or its securing and/or lifting devices and/or appurtenances;
- Failing to have instituted changes and repairs to the lifeboat, and/or its securing and/or lifting devices and/or appurtenances;
- Failing to exercise due care and caution;
- Failing to provide adequate equipment;
- Failing to inspect and/or maintain its equipment;
- Failing to properly train its employees;
- Failing to provide adequate equipment;
- Failing to properly supervise its employees;
- Failing to conduct adequate maintenance;
- Failing to provide adequate instruction;
- Failing to implement adequate safety policies and procedures;
- Failing to ensure its safety systems were adequate and functional;
- Violating applicable Coast Guard, OSHA, BSEE and/or other regulations;

*Myrikle Rosette*

Certified True and Correct Copy
CertID: 2020042400010

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
4/24/2020 8:09 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

- Vicariously liable for the act(s) and omission(s) of their employee(s) and agent(s);
- Violating its Section 905(b) duties; and
- Other acts of negligence and gross negligence which will be shown more fully at trial.

Defendant's conduct by way of act and/or omission as set forth herein was a proximate cause of Plaintiff's injuries and damages.

## COUNT TWO – PRODUCT DEFECTS

IX.

Defendant manufactured, designed, distributed, sold, inspected, and/or maintained the lifeboat, and/or its securing and/or lifting devices and/or appurtenances which was in use at Shell's Auger platform and which along with Defendants' conduct by way of act and/or omission was a proximate cause of the incident in question and Plaintiff's resulting injuries and damages.

X.

Defendant manufactured, designed, distributed, sold, inspected, and/or maintained the lifeboat, and/or its securing and/or lifting devices and/or appurtenances with design, manufacturing, and/or marketing defects.

XI.

At all relevant times the lifeboat, and/or its securing and/or lifting devices and/or appurtenances were being used in the manner intended and foreseen by Defendant.

XII.

The lifeboat, and/or its securing and/or lifting devices and/or appurtenances were defective and unsafe for its intended purposes at the time it left the control of Defendant.

-4-



*Myrihle Rosette*

Certified True and Correct Copy
CertID: 2020042400010

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
4/24/2020 8:09 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

XIII.

*Marketing Defect and Failure to Warn*: Plaintiff incorporates all prior paragraphs herein by reference. In addition, the lifeboat, and/or its securing and/or lifting devices and/or appurtenances were designed, manufactured, distributed and/or sold with one or more marketing defects.

XIV.

There was an unreasonable risk in the intended or reasonably foreseeable use of such equipment.

XV.

Defendant knew, foresaw, or should have known for foreseen the above risk.

XVI.

Defendant failed to adequately warn Plaintiff of the risks, failed to instruct Plaintiff of the above risks, and/or failed to adequately instruct Plaintiff how to avoid the dangers.

XVII.

The marketing defect(s) rendered the lifeboat, and/or its securing and/or lifting devices and/or appurtenances unreasonably dangerous.

XVIII.

Defendant provided no warning that the lifeboat, and/or its securing and/or lifting devices and/or appurtenances would fail and injure or kill the users and persons in the proximity to it.

XIX.

*Design Defect*: Plaintiff incorporates all prior paragraphs herein by reference. In addition, the lifeboat, and/or its securing and/or lifting devices



Certified True and Correct Copy
CertID: 2020042400010
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date: 4/24/2020 8:09 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

and/or appurtenances were designed, manufactured, distributed and/or sold with one or more design defects.

XX.

Defendant designed the lifeboat, and/or its securing and/or lifting devices and/or appurtenances and knew of safer alternative designs that were available at the time of production.

XXI.

The safer alternative designs would have prevented or significantly reduced the above risks without substantially impairing the equipment's utility.

XXII.

The safer alternative designs were economically and technologically feasible at the time the Product left the control of Defendant.

XXIII.

The design defect(s) rendered the lifeboat, and/or its securing and/or lifting devices and/or appurtenances unreasonably dangerous.

XXIV.

A safer alternative design existed at the time the lifeboat, and/or its securing and/or lifting devices and/or appurtenances were manufactured. This alternative design would have prevented or significantly reduced the risk of injuries, without substantially impairing the lifeboat, and/or its securing and/or lifting devices and/or appurtenances' utility. Further, the alternative design was economically and technologically feasible.

XXV.

*Manufacturing Defect.* Plaintiff incorporates all prior paragraphs herein by reference. In addition, the lifeboat, and/or its securing and/or lifting devices

Certified True and Correct Copy
CertID: 2020042400010

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
4/24/2020 8:09 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

and/or appurtenances were designed, manufactured, distributed and/or sold with one or more manufacturing defects.

XXVI.

Defendant manufactured the lifeboat, and/or its securing and/or lifting devices and/or appurtenances and at the time deviated in the quality of construction, plan and/or specifications rendering the lifeboat, and/or its securing and/or lifting devices and/or appurtenances unreasonably dangerous.

XXVII.

Further, the lifeboat, and/or its securing and/or lifting devices and/or appurtenances were defective in that they failed to conform to the product design and specifications of other similar systems, in that it was susceptible to failure, and thus rendering the lifeboat, and/or its securing and/or lifting devices and/or appurtenances unreasonably dangerous and capable of causing serious injury and death.

XXVIII.

The lifeboat, and/or its securing and/or lifting devices and/or appurtenances' design, manufacturing and/or marketing defect(s), which rendered the lifeboat, and/or its securing and/or lifting devices and/or appurtenances unreasonably dangerous, along with Defendant's conduct by way of act and/or omission, were proximate causes of Plaintiff's injuries and damages.

COUNT THREE – GROSS NEGLIGENCE

XXIX.

Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendant were grossly negligent. Defendant acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendant was subjectively

Certified True and Correct Copy
CertID: 2020042400010
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date:
4/24/2020 8:09 AM

aware of the extreme risk posed by the conditions which caused Plaintiff's injuries and damages but did nothing to rectify them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendant's acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

### STATEMENT REGARDING DAMAGES

XXX.

As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, disability, disfigurement, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

### RESERVATION OF RIGHTS

XXXI.

Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery as his investigation continues.



Certified True and Correct Copy
CertID: 2020042400010

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
4/24/2020 8:09 AM

### JURY DEMAND

### XXXII.

Plaintiff hereby requests a trial by jury on all claims.

### PRAYER

### XXXIII.

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff have judgment against the Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre- and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

ARNOLD & ITKIN LLP

_____
Noah M. Wexler
LA Bar Roll No. 34995
Ben Bireley
LA Bar Roll No. 37587
835 Louisiana Avenue
Baton Rouge, LA 70802
225-412-6348 (Telephone)
jaiteam@arnolditkin.com
e-service@arnolditkin.com
nwexler@arnolditkin.com
bbireley@arnolditkin.com

*Attorney for Plaintiff*

**Serve Defendants as Follows:**

Palfinger Marine USA, Inc. through its registered agents:

Gary Joseph or Kim Wike at

-9-



Certified True and Correct Copy
CertID: 2020042400010

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
4/24/2020 8:09 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

912 Hwy 90 E., New Iberia, Louisiana 70560

-10-



*Myrihh Rosette*

Certified True and Correct Copy
CertID: 2020042400010

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
4/24/2020 8:09 AM