UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JEREMY EARNEST | CASE NO. 6:20-CV-00685 LEAD |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| PALFINGER MARINE USA INC ET AL | MAGISTRATE JUDGE CAROL B. WHITEHURST |

## MEMORANDUM RULING

The present matter before the Court is a Motion for Partial Summary Judgment Dismissing Claims for Punitive or Exemplary Damages [ECF No. 87] filed by Palfinger Marine, USA, Inc. ("Palfinger"). Palfinger argues that, based upon the Court's prior ruling in *Dupre v. Palfinger*,[1] Louisiana law applies to this case. Under Louisiana law, there is no basis for a claim for punitive or exemplary damages. Plaintiffs Devin Marcel and Jeremy Earnest oppose the motion.

### I.
### BACKGROUND

Plaintiffs' claims arise from a June 30, 2019, accident involving a lifeboat that fell from its moorings on a floating, tension leg oil and gas exploration and development platform—the Auger platform. Plaintiffs assert claims against Shell Oil Company ("Shell") under the Harbor Workers Compensation Act. Plaintiffs also assert claims against Palfinger, alleging that Palfinger was responsible for annually inspecting the ten lifeboats on the Auger platform.[2] Plaintiffs also allege that Palfinger is "the owner and/or manufacturer of the control release cables and/or the release handle to the hooks on the lifeboats."[3] Plaintiffs allege that the release cable, the handle to the

---

[1] Case No. 6:20-cv-756, ECF No. 79.
[2] ECF No. 80, ¶ 11.
[3] *Id*. at ¶ 14.

hooks, and/or the cable system used to hoist Lifeboat No. 6 were defective.[4] The also allege that Shell was negligent in not maintaining and inspecting their hook and cable system.[5]

On March 24, 2022, the Court issued a Memorandum Ruling on a motion filed by Shell in a related case that has now been consolidated with the present case. In that ruling, the Court found that Louisiana law, and not maritime law, applied to the incident. Specifically, the Court found that, pursuant to the choice of law provision contained in the Outer Continental Shelf Lands Act ("OCSLA"),[6] Louisiana law applies to the accident at issue in the present case. Because Louisiana law applies as surrogate federal law, the Court concluded that the Harbor Workers Compensation Act claims asserted in the case must be dismissed. Palfinger now argues that the Court's prior ruling precludes the recovery of punitive or exemplary damages.

## II.
### SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[7] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[9] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating

---

[4] *Id.*
[5] *Id*. at ¶ 13.
[6] 43 U.S.C. § 1333(a)(2)(A).
[7] Fed. R. Civ. P. 56(a).
[8] *Id.*
[9] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).

by competent summary judgment proof that there is an issue of material fact warranting trial.[10]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[11] "Credibility determinations are not part of the summary judgment analysis."[12] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[13]

## III.
### ANALYSIS

In its prior ruling, the Court found that OCSLA requires the application of Louisiana state law as surrogate federal law, because (1) the controversy arose on an OCSLA situs, (2) federal maritime law does not apply of its own force, and (3) state law is not inconsistent with federal law.[14] "In Louisiana, there is a general public policy against punitive damages; thus, a fundamental tenet of our law is that punitive or other penalty damages are not allowable unless expressly authorized by statute."[15] Plaintiffs have set forth no provision of Louisiana law which would permit punitive damages but rather assert a claim for punitive damages under maritime law. Plaintiffs argue that courts have held that certain aspects of a claim can be governed by general maritime

---

[10] *Lindsey v. Sears Roebuck and Co.,* 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[11] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[12] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[13] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catlett*, 477 U.S. 317, 322 (1986)).
[14] Case No. 6:20-cv-756, ECF No. 79.
[15] *Ross v. Conoco, Inc*., 828 So.2d 546, 555 (La. 10/15/02).

law and others by state law as surrogate federal law pursuant to OCSLA and cite the case of *Apache Corp. v. GlobalSantaFe Drilling Co*.[16] The *Apache* case dealt with an incident where the vessel broke free during a hurricane and collided with a platform on the outer continental shelf. Clearly there were components in the *Apache* case which dictated the application of maritime law and others which may dictate the application of OCSLA law.

In the instant case, the Court has ruled not only that OCSLA law applies but also that maritime law does not apply. The Court specifically found that the fact that the incident "resulted in the lifeboat ultimately landing in the Gulf does not create a genuine question of material fact as to the OCSLA situs requirement because the lifeboat was physically connected to the platform at the time of the accident and was being lifted toward its permanent berth on the Auger platform."[17] Plaintiffs have pointed to no other basis for the application of maritime law. Accordingly, and based upon the Court's prior ruling, the Court finds that Louisiana law applies in this case as surrogate federal law under the OCSLA. Under Louisiana law, there is no basis for a claim for punitive or exemplary damages.

For the foregoing reasons, the Motion for Partial Summary Judgment Dismissing Claims for Punitive or Exemplary Damages [ECF No. 87] filed by Palfinger is GRANTED. Plaintiffs' claims for punitive or exemplary damages are DISMISSED.

THUS DONE in Chambers on this 12th day of August, 2022.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[16] 832 F.Supp.2d 678 (W.D.La.2010), aff'd, *Apache Corp. v. Global Santa Fe Drilling Co*., 435 Fed.Appx. 322 (5th Cir.2011) (per curiam).
[17] Case No. 6:20-cv-756, ECF No. 79, p. 7.