```
                   UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF LOUISIANA
                        LAFAYETTE DIVISION

JEREMY EARNEST, et al.,      :
                             :
            Plaintiffs,      :   CIVIL ACTION
                             :   NO. 6:20-cv-00685 (LEAD)
VS.                          :   (c/w 6:20-cv-0773; 6:20-cv-0756)
                             :
PALFINGER MARINE USA, INC.,  :
et al.                       :
                             :
            Defendants.      :
......................................:...............................
```

```
                       SETTLEMENT ON RECORD
                  OFFICIAL TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE CAROL B. WHITEHURST
                     UNITED STATES MAGISTRATE JUDGE
                          6 SEPTEMBER 2022
                         LAFAYETTE, LOUISIANA
                     (VIA AUDIO CONFERENCE/ZOOM)
```

```
Transcribed by:  Barbara A. Simpson
                 Phone: (318)415-8839
                 Email: basimpson1203@gmail.com


PROCEEDINGS DIGITALLY RECORDED VIA ZOOM, TRANSCRIPT PRODUCED BY
TRANSCRIPTION SERVICE.
```

```
 1                     APPEARANCES (VIA ZOOM)

 2    FOR THE PLAINTIFF, JEREMY EARNEST:

 3        MR. NOAH MICHAEL WEXLER
          Arnold & Itkin
 4        6009 Memorial Dr
          Houston, TX 77007
 5
      FOR THE PLAINTIFF, DEVIN MARCEL, individually & on behalf of
 6    Gary Marcel Estate:

 7        MR. H B DOWNER, JR.
          Waitz & Downer
 8        423 Goode St
          Houma, LA 70360
 9
      FOR THE PLAINTIFF, PATTY DUPRE, individually and on behalf of
10    minor child DD, and Gage Dupre:

11        MR. EDWARD JAMES GAIDRY, JR.
          Gaidry Law Group
12        7921 Park Ave
          Houma, LA 70364
13

14    FOR THE DEFENDANT, PALFINGER MARINE USA, INC., AND ZURICH
      AMERICAN INSURANCE COMPANY:
15
          MR. CHRISTOPHER L ZAUNBRECHER
16        MR. JASON ROY GARROT
          MR. JOSEPH L. MCREYNOLDS
17        Briney Foret Corry
          P O Drawer 51367
18        Lafayette, LA 70505

19    FOR THE DEFENDANT, SHELL OIL COMPANY:

20        MR. THOMAS P DIAZ
          Liskow & Lewis (NO)
21        701 Poydras St Ste 5000
          New Orleans, LA 70139

22

23

24

25
```

```
 1                         6 SEPTEMBER 2022
 2   (Transcription completed without a speaker identification log;
 3   therefore, where speaker identifications were made, they were
 4   made on a contextual or best-guess basis where possible.)
 5             UNIDENTIFIED SPEAKER:  Good morning.
 6             UNIDENTIFIED SPEAKER:  Good morning.
 7             UNIDENTIFIED SPEAKER:  Good morning.
 8             UNIDENTIFIED SPEAKER:  I hope I did it right.
 9             THE COURT:  Yes.  I can hear you.
10             UNIDENTIFIED SPEAKER:  Thank you, ma'am.
11             THE COURT:  All right.  And --
12             UNIDENTIFIED SPEAKER:  You can't see me?
13             THE COURT:  Who -- remind me who "J.L.M." is.
14             MS. REYNOLDS:  Joe McReynolds.
15             THE COURT:  McReynolds?  Okay.  Gotcha.
16        I can't see you but -- okay; there you are.  Now I can
17   tell who you are.
18             UNIDENTIFIED SPEAKER:  And we're waiting on Chris
19   Zaunbrecher.
20             THE COURT:  Okay.
21             UNIDENTIFIED SPEAKER:  And I think Jim Gaidry?
22             MR. GAIDRY:  Yeah, I'm here.
23             UNIDENTIFIED SPEAKER:  Okay.  I see you now.
24             THE COURT:  Yeah.  I don't see Chris waiting to be
25   admitted.  I have everybody so far.
```

1       And we are being recorded and I will just say, for the
2  record, it's not a video recording; it's an audio recording, so
3  I'm just going to put on the record that we have Noah Wexler,
4  Hunt Downer, and Jim Gaidry for the plaintiffs.
5       We have Tom Diaz for Shell.  And we have Mr. McReynolds
6  and Mr. Garrot for Palfinger.  And we're waiting on Mr.
7  Zaunbrecher.
8            MR. McREYNOLDS:  And we're actually here for
9  Palfinger and Zurich.
10           THE COURT:  And Zurich; I should have said that, yes.
11           UNIDENTIFIED SPEAKER:  There's Chris.
12           THE COURT:  All right.  Looks like he is still trying
13 to connect.  There he is.
14      Okay, Chris.  I had just -- we were waiting on you, but I
15 let everybody know that this is being recorded.  It's an audio
16 recording; it's not a video recording.  But we will have the
17 audio available, if necessary, if anyone needs it in the
18 future.  And I've kind of called roll and said who all is on
19 the recording.  And now we have Mr. Zaunbrecher on the
20 recording also.
21      This is the case of -- it's consolidated cases of Earnest,
22 Dupre, and Marcel versus Palfinger, Shell, and Zurich.  And the
23 case numbers are 20-685, 20-773, and 20-756.  And we engaged in
24 a settlement conference last week and were able to make a lot
25 of headway last Tuesday.  And throughout the week the parties

```
 1  continued to get authority for the proposed settlement.  And we
 2  were able to get confirmation on Friday that the case had
 3  settled.
 4       So the plaintiffs had asked that we put the settlement,
 5  the terms of the settlement on the record, and that is what we
 6  were here to do today.
 7       Do y'all want to do it -- how do y'all want to do this?
 8  Mr. Wexler?
 9            MR. WEXLER:  I'm happy to attempt to go through them
10  as they have been communicated to me by the defendants in a
11  letter.  And if I miss a term or if somebody wants to correct
12  me, I'm happy for them to do so.
13            THE COURT:  Any problem putting them all on the
14  record at the same time, or do we need to break -- I don't know
15  if there's any confidentiality issues that anyone has a problem
16  with?
17                 (No audible response.)
18            THE COURT:  No?  Everybody happy --
19            UNIDENTIFIED SPEAKER:  I'm happy to put it all on
20  together.
21            THE COURT:  Yeah, I figured that.  All right.  Let's
22  go ahead and put it on the record, then.
23            MR. WEXLER:  Thank you, Your Honor.  And good
24  morning.  Noah Wexler on behalf of Jeremy Earnest.
25       The parties have reached a settlement of this matter.  The
```

Case 6:20-cv-00685-RRS-CBW   Document 168   Filed 11/15/22   Page 6 of 13 PageID #: 4854

6

1  terms which have been communicated to me and accepted by the
2  plaintiffs are that the total gross amount of the settlement is
3  sixteen million, four hundred and twenty-five thousand, zero
4  dollars, zero cents.  And from that, Palfinger and its insurers
5  will be paying 14,925,000, and the Shell entities will be
6  paying 1.5 million.
7      The total gross amount has been allocated amongst the
8  plaintiffs: 5 million to the Marcel plaintiffs, $5,712,500 to
9  the Dupre plaintiffs, $5,712,500 to Mr. Earnest.
10     In exchange, the plaintiffs will release and dismiss their
11 claims against the defendants.
12     Shell has agreed to waive any and all comp liens with
13 respect to Dupre and Earnest.  Shell has agreed to continue to
14 pay the death benefits for Mr. Dupre's family, and continue to
15 pay all benefits for Mr. Earnest, moving forward.
16     Plaintiffs agree to satisfy all the liens or any other
17 kind or character which may exist, out of the settlement funds.
18 Shell has stipulated to the reasonableness of the settlements.
19 And Palfinger reserves all rights to pursue its defense and
20 indemnity claim against Shell.
21     The defendants have agreed to split the mediation cost
22 incurred with respect to Mr. Perry's private mediation and
23 ongoing efforts to help resolve this.
24     And I believe both defendants have agreed to fund within
25 45 days of the settlement, which was Friday, which I think runs

1  to October 17th.  And I believe -- I know I spoke to Jason
2  about this, but if the defendants can provide the plaintiffs
3  with draft release language within 10 days of the settlement
4  date, that would be excellent.
5      Those are the terms as I understand them.  If anybody has
6  any others, please let me know.
7          THE COURT:  All right.
8      Mr. Gaidry, do you agree with the terms as set forth by
9  Mr. Wexler?
10          MR. GAIDRY:  (Inaudible.)
11          THE COURT:  I'm sorry?  Did you say "yes"?
12          MR. GAIDRY:  Yes, ma'am.
13          THE COURT:  Okay.
14      Mr. Downer?
15          MR. DOWNER:  Yes, ma'am.
16          THE COURT:  All right.  Mr. Diaz, you were going to
17  speak?
18          MR. DIAZ:  Yes.  There's just only one variation from
19  what Mr. Wexler had described, and that is with respect to
20  Shell and the LHWCA benefits.
21      The agreement at the settlement conference -- and I
22  confirmed that in an email last Friday -- is that Shell would
23  consent to the settlements, for LHWCA purposes, for Mr.
24  Dupre coming for the Dupre family, and Mr. Earnest.
25      How that affects the payment of the LHWCA benefits that

| | |
|---|---|
| 1 | have been paid to date is an operation of law based on the |
| 2 | settlement, so it may not result in the continued, current |
| 3 | continuation of the benefits being paid to both.  I don't know |
| 4 | how the LHWCA operates.  But our agreement was to consent, for |
| 5 | LHWCA purposes, and then how that affects the benefits payment |
| 6 | is just an operation of the LHWCA. |
| 7 | THE COURT:  All right.  Mr. Wexler? |
| 8 | MR. WEXLER:  Yeah, I mean, I'd just like some clarity |
| 9 | on that.  I don't know who I need to talk to on Tom's side. |
| 10 | But I understand how it works.  Mr. Earnest is still entitled |
| 11 | to the benefits and receiving them.  And so as long as Shell is |
| 12 | taking no action to discontinue them, I don't foresee any |
| 13 | issues.  But I need to know who I need to communicate with to |
| 14 | make sure he gets, you know, his benefits moved forward, to the |
| 15 | extent he's entitled to them. |
| 16 | MR. DIAZ:  Correct.  No, and I'm happy to do that and |
| 17 | make sure you have a point of contact on that -- |
| 18 | MR. WEXLER:  That's all I need. |
| 19 | MR. DIAZ:  -- and certainly that's fine by me. |
| 20 | MR. GAIDRY:  I need the same information because |
| 21 | presently she is receiving that, and the children are covered |
| 22 | by health insurance through that same entity, I guess, until |
| 23 | they're 28, she is told.  And it continues on by law, according |
| 24 | to the statutes, until she remarries or dies, is what the |
| 25 | statutes say. |

1   I don't know -- unless you're saying something contrary to
2   that, then I'm okay with it, but I might need clarification if
3   that's not a fact.
4           MR. DIAZ:  Well, and what I'm saying is that at least
5   in terms of the settlement, that Shell provided its consent to
6   the settlements for LHWCA purposes.  How that is impacted by
7   the payment of the settlements and any credits associated with
8   it, I'm not conversant on it.  And just like Mr. Wexler just
9   said, it's an operation of the law for which I am more than
10  happy to make sure that the Dupre family and Mr. Earnest and
11  their lawyers have the appropriate contact to ensure that the
12  statutory benefits are being paid in accordance with the LHWCA.
13          MR. GAIDRY:  Well, for clarification from the Dupres'
14  perspective, if Counsel is suggesting that they get some kind
15  of credit for the waiver of the lien, a 200 or $300,000 waiver
16  and that somehow allows them not to pay her until that money is
17  used up --
18          MR. DIAZ:  Those are two different things --
19          MR. GAIDRY:  -- perspective, that's not what we are
20  agreeing to.  We want it continued on with the waiver and with
21  no stopping of current --
22          THE COURT:  I think that's what --
23          MR. GAIDRY:  -- or whatever it is that Tom may be
24  alluding to.
25          MR. DIAZ:  So those are two separate issues.  So at

1   least from Shell's perspective, we have the $1.5 million

2   payment. The waiver of the lien, which is a waiver free and

3   clear, so that Shell is not seeking, by credit or otherwise,

4   the lien which is approximately $250,000 for the Dupre family

5   and for Earnest. The agreement to the reasonableness of the

6   amount for the purposes of Palfinger's appeal. And then the

7   last component is a consent to the settlement by Shell, which

8   has its own operation of law for which Mr. Gaidry, and I will

9   provide to Mr. Wexler a contact to ensure that those statutory

10  benefits are being appropriately recognized and paid, in light

11  of the settlement and the consent to it.

12        THE COURT: All right. I think he's clarified his

13  position on that.

14     Other than that caveat, Mr. Diaz, do you agree with the

15  terms of the settlement as stated by Mr. Wexler?

16        MR. DIAZ: I do, Your Honor.

17        THE COURT: All right. On behalf of Palfinger and

18  Zurich, who wants to affirm? Mr. Garrot?

19        MR. GARROT: Yes, Your Honor. We just want to make

20  sure that in our correspondence to plaintiff counsel that

21  they -- regarding other liens, that they will agree to defend

22  and indemnify Palfinger and Zurich from any future claims. I

23  don't believe there's an issue on that. We're not talking

24  about the comp liens; we're talking about if there's any other

25  liens that exist out there that we're not aware of.

```
 1        And that the final judgment will preserve Palfinger's and
 2   Zurich's appeal of the indemnity claims and issues.  And that
 3   Shell understands and agrees that if Palfinger and Zurich win
 4   on appeal, Shell reimburses Palfinger and Zurich the full share
 5   of the settlement and defense costs.
 6        And of course, if Palfinger and Zurich lose, the
 7   settlement contributions will be remaining the same.
 8        And to the extent, Noah, I didn't mark down that you said
 9   it:  Each party is to bear their own court costs in this.
10             MR. WEXLER:  That's my understanding of the terms,
11   with the exception of the mediation cost, which defendants have
12   agreed.
13             MR. GARROT:  Yes.  We agreed Shell and Zurich will
14   split the mediation cost.
15             MR. DIAZ:  Agreed.
16             THE COURT:  All right.  Anything else?  It sounds
17   like everybody has agreed to the terms of the settlement, and
18   it's on the record.  It is available, if necessary, to be
19   pulled up.
20        This recording is -- I don't know how, but it's somewhere
21   in the cloud; and if we need it, we can get it.
22             UNIDENTIFIED SPEAKER:  Thank you, ma'am.
23             UNIDENTIFIED SPEAKER:  Thank you, Your Honor.
24             UNIDENTIFIED SPEAKER:  Thank you so much.
25             UNIDENTIFIED SPEAKER:  I have a question.  When do
```

```
 1  we, can we expect there to be a final judgment entered on this
 2  case so that it can go up?
 3              THE COURT:  Well, the Court -- I notified Judge
 4  Summerhays on Friday that the case had settled; he could take
 5  it off and -- cancel the jury and take it off his docket.
 6  They're going to issue a 60-day order of dismissal, and then
 7  y'all will need to notify the Court when settlement is
 8  finalized.  And then at that point, I think that would be --
 9  that would be it.
10              UNIDENTIFIED SPEAKER:  Will the order of dismissal
11  include the reservation of the appeal rights concerning the
12  indemnity claim between Palfinger and Shell?
13              THE COURT:  I will make sure that they know to put
14  that in there.
15              UNIDENTIFIED SPEAKER:  Thank you.  That's all.
16              THE COURT:  All right.  Thank you, everyone.
17              UNIDENTIFIED SPEAKER:  Thank you, Judge.
18              UNIDENTIFIED SPEAKER:  Thank you.
19              THE COURT:  Y'all have a good day.
20              UNIDENTIFIED SPEAKER:  Thank you.
21                       (End of proceedings.)
22
23
24
25
```

```
 1                    TRANSCRIBER'S CERTIFICATE

 2        I, Barbara A. Simpson, certify that the foregoing pages

 3   numbered 1 through 12 do constitute a true and correct

 4   transcription from the official electronic sound recording of

 5   the proceedings in the above-entitled matter, to the best of my

 6   ability and understanding.

 7        I certify that the transcript fees and format comply with

 8   those prescribed the Court and the Judicial Conference of the

 9   United States.

10        Subscribed and sworn to this 15th day of November, 2022.

11   _____

12   \s\Barbara A. Simpson, RPR, CRR
     12201 Wind Surf Drive
13   Frisco, Texas 75036
     basimpson1203@gmail.com
14   (318)415-8839
```